UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDIS COMPANY, INC., a Wisconsin
corporation,

        Plaintiff,

    v.

SPECTRUM BRANDS, INC.,

        Defendant.

Case No.

# COMPLAINT

Plaintiff Andis Company, Inc., by its undersigned attorneys, Michael Best & Friedrich LLP, states for its Complaint against Defendant Spectrum Brands, Inc. as follows:

## NATURE AND STATUTORY BASIS OF ACTION

1. This action is for: (1) trademark infringement under section 32 of the Lanham Act (15 U.S.C. § 1114(1)); (2) trademark infringement, false designation of origin and unfair competition under section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (3) common law trademark infringement and unfair competition under Wisconsin law.

## THE PARTIES

2. Plaintiff Andis Company, Inc. (hereafter "Plaintiff" or "Andis") is a Wisconsin corporation, located at 1800 Renaissance Boulevard, Sturtevant, Wisconsin 53177, that manufactures and distributes a wide variety of hair cutting, styling, and grooming tools, for both humans and pets, throughout the United States and worldwide.

3. On information and belief, Defendant Spectrum Brands, Inc. (hereafter "Defendant" or "Spectrum") is a Delaware corporation, located at 3001 Deming Way, Middleton, Wisconsin,

53562, that manufactures, distributes and sells pet grooming tools, including its FURminator® pet deshedding tool, throughout the United States, including within this district.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is expressly conferred on this Court under 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1338(a) and (b). The Court has jurisdiction over the Wisconsin common law trademark infringement and unfair competition claims under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction.

5. Personal jurisdiction over Defendant is vested in this Court since Defendant has committed one or more of the acts complained herein within this State and District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the activity complained of occurred in this District and Defendant is subject to personal jurisdiction herein.

## BACKGROUND

7. For 80 years, Andis has manufactured, distributed and sold electric hair clippers and trimmers. Plaintiff has become well-known throughout the United States and elsewhere as a source of high-quality cutting, styling, and grooming tools for both humans and pets.

8. Since 2013, Andis has continuously and exclusively used the trademark COMFORT EDGE in connection with blades sold with its Pro-Clip Ion trimmer for pets throughout the United States.

9. Andis' Pro-Clip Ion trimmer with COMFORT EDGE blades is sold to and used by amateur and professional pet groomers.

10. Andis' Pro-Clip Ion trimmer is available for purchase throughout the United States at www.andis.com, and through over 50 third party retailers, catalogs, and online stores, including Petedge, PETsMART and Amazon.com.

11. In addition to its strong common law rights in the COMFORT EDGE mark, Andis owns U.S. Registration No. 2,098,575, which was registered on September 23, 1997, for COMFORT EDGE for "blade edges sold as a component of electric hair clipper blades sold to professional barbers, beauty salons and others in the professional hair cutting trade directly or indirectly through outlets including a hair care department whose primary customers are professional barbers, beauty salons and others in the professional hair care trade." A copy of the Registration Certificate for this mark is attached as **Exhibit A.**

12. Since at least as early as 1993, Andis has used and promoted the COMFORT EDGE mark for hair clippers, and trimmers, hair clipper and trimmer blades and related products in the United States.

13. The federal trademark registration is prima facie evidence of Andis' ownership and the validity of the COMFORT EDGE trademark.

14. The COMFORT EDGE registration is incontestable under 15 U.S.C. § 1115(b) and constitutes conclusive evidence of Andis' exclusive right to use the registered mark under 15 U.S.C. § 1115(b), and to control use of the mark in commerce in connection the goods identified therein, as well as similar and related goods.

15. As a result of Andis' longstanding use of the COMFORT EDGE mark, Andis has acquired valuable goodwill in the mark and the mark indicates that Andis is the source of COMFORT EDGE grooming tools.

16. Andis' continuous and exclusive use of the COMFORT EDGE mark in connection with human and pet hair clippers and clipper blades has resulted in a strong association in the public's mind between COMFORT EDGE and such grooming products.

17. As a result of Andis' long-standing continuous and exclusive use of COMFORT EDGE, it has established common law trademark rights in COMFORT EDGE for pet hair clippers and trimmers and clipper and trimmer blades.

18. Notwithstanding Andis' prior, continuous and extensive use of the COMFORT EDGE mark, Defendant Spectrum began using and continues to use the mark COMFORT EDGE in connection with its FURminator® pet deshedding tool. *See* **Exhibit B.**

19. Not only is Spectrum using the identical COMFORT EDGE mark, but such mark is used in connection with goods that are related and similar to those offered by Andis under the COMFORT EDGE mark, and covered by Andis' COMFORT EDGE registration.

20. Defendant's use of the term COMFORT EDGE will likely cause consumer confusion regarding the source of Defendant's pet grooming tool, whether Spectrum and Andis are associated or affiliated and whether Spectrum's pet grooming tools are sponsored or approved by Andis.

21. The parties' goods are sold to the same customers through the same channels of trade**.**

22. Andis did not grant Spectrum authority or permission to use the COMFORT EDGE mark.

23. Spectrum has actual knowledge of its trademark infringement and unfair competition.

24. Andis complained about Spectrums' unauthorized use of the COMFORT EDGE mark and demanded that Spectrum cease and desist such conduct. *See* **Exhibits C-F**.

25. Despite Andis' complaints, Spectrum willfully continued to offer products for sale under the COMFORT EDGE mark.

26. Spectrums' behavior has resulted irreparable harm to Andis' reputation and goodwill and actual deception of and damage to consumers.

## COUNT I
## **FEDERAL TRADEMARK INFRINGEMENT**

27. Andis incorporates the allegations of the foregoing paragraphs 1-26 as if fully set forth herein.

28. Andis owns a federal trademark registration for the COMFORT EDGE mark as set forth in Paragraphs 11 to 14 above.

29. Without Andis' consent, Defendant intentionally used in commerce the COMFORT EDGE mark, in connection with the sale, offering for sale, and/or distribution of pet grooming tools.

30. Defendant's use of the COMFORT EDGE mark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Defendant's products with Andis, or as to the approval of Defendant's products by Andis, and thus constitutes infringement of Andis' COMFORT EDGE mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Defendant's infringement of Andis' mark has taken place with full knowledge of Andis' registered COMFORT EDGE mark and, therefore, has been intentional, deliberate and willful.

32. As a direct and proximate result of the actions of Defendant alleged above, Andis has been damaged and will continue to be damaged.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION AND UNFAIR COMPETITION

33. Plaintiff incorporates the allegations of the foregoing paragraphs 1-32 as if fully set forth herein.

34. Defendant uses the mark COMFORT EDGE in conjunction with pet grooming tools in interstate commerce.

35. Defendant's use of the COMFORT EDGE mark is likely to cause confusion, mistake, or deception as to origin, affiliation, connection or association of Defendant's products with Andis, or as to the approval of Defendant's products by Andis, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to Andis' mark in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

36. Andis' use of the mark COMFORT EDGE commenced long before Spectrum's use and therefore Andis has priority and superior rights.

37. Defendant's actions have taken place with full knowledge of Andis' trademark rights and, therefore, have been intentional, deliberate and willful.

38. As a direct and proximate result of the actions of Defendant alleged above, Andis has been damaged and will continue to be damaged.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39. Plaintiff incorporates the allegations of the foregoing paragraphs 1-38 of this Complaint as though fully set forth herein.

40. The acts of Defendant complained of herein constitute common law trademark infringement and unfair competition under the laws of the State of Wisconsin.

41. Defendant's actions have taken place with full knowledge of Andis' trademarks and, therefore, have been intentional, deliberate and willful.

42. As a direct and proximate result of the actions of Defendant alleged above, Andis has been damaged and will continue to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Andis Company, Inc. demands judgment in its favor on each and every claim for relief set forth above and an award for relief including, but not limited to, the following:

1. An injunction permanently enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, joint ventures, distributors, dealers, and all persons in active concert or participation with any of them:

    a. From using the COMFORT EDGE mark and any other trademark owned by Andis, any variations thereof, or any other colorable imitation thereof that is likely to cause confusion with the COMFORT EDGE mark, and any other trademark owned by Andis;

    b. From manufacturing, distributing, promoting, and selling any products or materials bearing the COMFORT EDGE mark, and any other trademark owned by Andis, any variations thereof, and any other marks that are likely to cause confusion with the COMFORT EDGE mark, and any other trademark owned by Andis;

    c. From representing by any means whatsoever, directly or indirectly, that Defendant, any products offered by Defendant, or any activities undertaken by Defendant, are sponsored or licensed by Andis or otherwise associated or connected in any way with Andis; and

    d. Passing off any of its products or services as originating with, associated with or sponsored by Andis.

2. An Order requiring Defendant to deliver up to Andis for destruction all goods, advertisements, literature and other written or printed material which bear the COMFORT EDGE mark, and any other mark owned by Andis;

3. An Order directing Defendant to remove from all websites that it owns or controls, directly or indirectly, the COMFORT EDGE mark, and any other trademark owned by Andis, any variations thereof, and any other marks that are likely to cause confusion with Andis' trademarks;

4. An Order directing Defendant to file with this Court and serve on Andis' attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

5. An Order requiring Defendant to account for and pay to Andis any and all profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such profits in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

6. An Order requiring Defendant to pay to Andis compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such compensatory damages in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

7. An Order requiring Defendant to pay to Andis punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendant.

8. An Order requiring Defendant to pay Andis' costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable statutes and laws.

9. Other relief as this Court deems just and equitable.

Dated this 1st day of June, 2016.

          **MICHAEL BEST & FRIEDRICH LLP**

By:   s/ Michelle L. Dama
      Michelle L. Dama, SBN 1041809
      Lori S. Meddings, SBN 1037741
      One South Pinckney Street
      P.O. Box 1806
      Madison, WI 53701-1806
      Telephone: (608) 257-3501
      Fax: (608) 283-2275
      Email: mldama@michaelbest.com
      Email: lsmeddings@michaelbest.com

      Patricia L. Jenness, SBN 1082658
      100 E. Wisconsin Avenue, Suite 3300
      Milwaukee, WI 53202
      Telephone: (414) 271-6560
      Facsimile: (414) 277-0656
      Email: pljenness@michaelbest.com

Attorneys for Plaintiff
Andis Company, Inc.